UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IRVIN FRANCISCO CHAVEZ
     ANDABLO,

     Applicant,

v.                                      CASE NO. 8:26-cv-1172-SDM-AAS

WARDEN, POLK COUNTY JAIL, *et al.*,

     Respondent.

_____/

## **ORDER**

Chavez Andablo applies under 28 U.S.C. § 2241 for the writ of habeas corpus and challenges his detention in the Polk County jail. Chavez Andablo is confined as a pre-trial detainee in the county jail but is entitled to release if he posts either bail or a bond, however, Chavez Andablo alleges that an immigration detainer precludes his release even if he posts the requisite bail or bond. By this action Chavez Andablo challenges the immigration detainer, not his present detention in the county jail.

Under Section 2241(c), "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . ." Chavez Andablo's custody in the county jail is based on the state charges, not the detainer, and the filing of a detainer fails to meet the "in custody" requirement. *Louis v. Sec'y, Fla. Dep't of Corr.*, 524 F. App'x 583, 584

(11th Cir. 2013)[*] ("Louis does not challenge his custody in Florida state prison resulting from his Florida state conviction. Rather, Louis alleges that the ICE detainer is somehow 'custody' that is 'in violation of the Constitution or laws of the United States.' 28 U.S.C. § 2241(c)(3). But Louis's claims must fail because '[t]he filing of the detainer, standing alone, did not cause [him] to come within the custody of the INS.' *Orozco [v. U.S. INS]*, 911 F.2d [539,] 541 [11th Cir. 1990)]. Accordingly, the district court correctly determined that it lacked jurisdiction over the petition."). Because Chavez Andablo is not "in custody" under the challenged detainer, the district court lacks jurisdiction under Section 2241 to review the constitutionality of his detention.

The application for the writ of habeas corpus (Doc. 1) is **DISMISSED FOR LACK OF JURISDICTION**. The clerk must close this case.

## DENIAL OF BOTH
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Chavez Andablo is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To

---

[*] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

- 3 -

merit a COA, Chavez Andablo must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because Chavez Andablo cannot proceed under Section 2241, neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal in forma pauperis is **DENIED**.  Chavez Andablo must obtain permission from the circuit court to appeal *in forma pauperis.*

ORDERED in Tampa, Florida, on June 30, 2026.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE